IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FT. WAYNE DIVISION

| | |
|---|---|
| MARK COLEMAN, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 1:11CV303JVB |
| NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, | ) TRIAL BY JURY DEMANDED |
| Defendant. | ) |

## COMPLAINT

The plaintiff, MARK COLEMAN, by his attorneys, Patrick J. Harrington and Robert E. Harrington, III. of Harrington, Thompson, Acker & Harrington, Ltd., complaining of defendant NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, hereinafter NORFOLK SOUTHERN, states:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

2. The defendant, NORFOLK SOUTHERN RAILWAY COMPANY, is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Northern District of Indiana, and is subject to service of process and to the jurisdiction of this Court.

3. At the time of the accident and injury alleged herein, plaintiff was employed by defendant as a conductor, and his duties as such were in furtherance of interstate commerce for defendant. At said time, both plaintiff and defendant were subject to the Act of Congress known as the Federal Employer's Liability Act, 45 U.S.C. §51 *et seq*.

4. That on or about January 24, 2010, plaintiff was injured while working for

defendant at or near Portland, Indiana.

5.     At said place and time, plaintiff was assigned by defendant Norfolk Southern to work as a conductor on a train. As part of his employment duties, and in furtherance of defendant's business, plaintiff and his crew were ordered to recrew one of defendant's trains at or near Milepost 149.2. As part of his duties, Plaintiff was required to release handbrakes on rail cars that were part of the train he was re-crewing. The ground conditions at this recrew location consisted of poor drainage, muddy conditions and inadequate ballast. Due to the ground conditions, as plaintiff was attempting to perform his duties he was caused to lose his footing and slip and was thereby caused to be injured.

6.     Plaintiff was acting at all times alleged herein within the scope of his employment for defendant NORFOLK SOUTHERN, and it was defendant's duty to plaintiff to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work; to provide employees with a safe walkway for use in the performance of their duties; to refrain from allowing muddy conditions to exist in areas where it knows that employees must walk in the performance of their duties; to provide plaintiff with a walkway comprised of unobstructed, stable ballast suitable for walking; to inspect the walkway when ordinary inspection would have disclosed that the area was muddy and unsuitable for walking; to warn plaintiff so as to avert injury to him at said time and place; to comply with the defendant railroad's guidelines, standards, rules and regulations regarding ballast along the walkway ..

7.     Defendant NORFOLK SOUTHERN, notwithstanding its duties to plaintiff, was careless and negligent in one or more of the following particulars and thereby contributed in whole or in part to cause injuries to plaintiff:

a. In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work.

b. In failing to exercise ordinary care to use reasonably safe methods in its ground maintenance operations.

c. In failing to provide reasonably safe ground conditions which would allow Plaintiff to safely perform his duties.

d. In failing to properly inspect the area where plaintiff was required to perform his duties when ordinary inspection would have disclosed that mud existed and which could have been properly covered with walking ballast to have averted injury to Plaintiff;

e. In failing to provide plaintiff with a safe walkway in which to perform his duties.

f. In directing the Plaintiff to work in a location that was not properly maintained.

g. In failing to warn Plaintiff that there was an unsafe condition in the area where the Plaintiff was directed to perform his assigned duties.

h. In directing the Plaintiff to work at a location where Defendant failed to provide reasonably safe ground conditions to allow employees to safely perform duties.

i. In failing to comply with the custom and practice in the railroad industry regarding the ground conditions in areas where trainmen, including Plaintiff, were required to walk on a regular basis to perform their duties.

j. In failing to comply with its own standards and guidelines regarding the ground conditions in areas where trainmen, including Plaintiff, were required to walk on a regular basis to perform their duties.

k. In failing to provide plaintiff with a walkway of stable ballast of a safe grade.

l. In failing to cover the mud with walking ballast when it knew or should have known and foreseen that trainmen, including Plaintiff, would be subject to jeopardy of injury performing their duties while working in the area;

8. Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and

permitted by law resulting in whole or in part from the careless and negligent acts and omissions of defendant.

WHEREFORE, the plaintiff seeks judgment in an amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

Respectfully submitted,

*/s/ Patrick J. Harrington*

Patrick J. Harrington
Robert E. Harrington, III (#24616-45)
Attorneys for Plaintiff

Harrington, Thompson, Acker & Harrington, Ltd.
180 North Wacker Drive, Suite 300
Chicago, Illinois 60606
312/332-8811
312/332-2027 Fax
htah@harringtonlaw.com